UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIZA EL BEY,

        Petitioner,                      Case No. 2:24-cv-11610
                                            Hon. Denise Page Hood

v.

MICHAEL BOUCHARD,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING MOTION FOR STAY
(ECF Nos. 1 and 3)**

Petitioner Faiza El Bey claims that she is currently facing charges in a Royal Oak, Michigan court for violating Royal Oak City Ordinance R28.1903, pertaining to crossing a street without using a crosswalk. Publicly available records for Michigan's 44th District Court, however, indicate that Petitioner is facing three misdemeanor charges - one count of interfering with a police officer and two counts of obstructing a police officer.[1]

Petitioner's pro se habeas petition asserts that the arresting officer violated her First and Fifth Amendment rights, that she is actually innocent of any charges, that

---

[1] Petitioner is being proceeded against in state court under the name of LaTausha Simmons. *See* https://micourt.courts.michigan.gov/case-search/court/D44/search?lastName=simmons&firstName=latausha&page=1

1

the prosecutor is withholding exculpatory evidence, and that she is being denied the effective assistance of counsel from her court appointed attorney. (ECF No. 1.) The petition and a separate motion filed by Petitioner seek an order halting state court proceedings. (ECF Nos. 1, PageID.60; ECF No. 3.)

The Court will summarily dismiss the case and abstain from interfering in the pending state criminal proceeding because Petitioner fails to allege facts showing that she faces a threat of an immediate and irreparable injury, and because Petitioner fails to assert that she exhausted her state court remedies.

I.

Petitioner asserts that she was stopped by a law enforcement officer on January 12, 2024, after she walked across Woodward Avenue in Royal Oak. (ECF No. 1, PageID.25-26.) She claims that she was arrested after she refused the officer's request to provide him with her name. (*Id.*, PageID.26.)

Petitioner asserts that she had changed her name due to her religious beliefs, and the officer violated her First and Fifth Amendment rights when he demanded that she provide him with her "government name." (*Id.*, PageID.26-27.) Petitioner claims that her arrest was therefore illegal, and she was forced to spend the next twenty days in jail until she posted bond. (*Id.*, PageID.29.)

Petitioner asserts that the prosecutor is withholding exculpatory evidence and

2

that her court appointed attorney is failing to file pretrial motions or otherwise provide her with effective assistance of counsel. (*Id.*, PageID.29-31.) Petitioner seeks an order from the Court staying state court proceedings. (*Id.*, PageID.60.)

II.

After a petition for writ of habeas corpus by a state prisoner is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee in custody in violation of the Constitution or laws or treaties of the United States. Nevertheless, the Supreme Court has strongly cautioned that a federal court should not interfere in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

The Sixth Circuit likewise has instructed federal habeas courts to exercise restraint before interfering in pending state criminal proceedings:

3

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)(internal citations omitted).

In light of these precedents, "federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011)(citation omitted). The first exception is a viable claim that a state prosecution will violate the Double Jeopardy Clause. *See Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981). The immediate and irreparable harm in such a case is compelling the defendant to stand trial a second time for the same offense – the very action the Double Jeopardy Clause is meant to prohibit. The second exception involves speedy trial claims seeking a speedier trial as opposed to dismissal of charges. *See Atkins*, 644 F.2d at 546 n.1.

Nowhere in the habeas petition does Petitioner assert that her prosecution is barred by double jeopardy. Nor does she demand a speedier trial. To the contrary, Petitioner seeks to halt state court proceedings. If a habeas petitioner seeks dismissal of the charges, she does not assert exceptional circumstances warranting federal

4

intervention because such a remedy "'could not be more disruptive of pending state actions.'" *Smith v. Burt*, 2019 U.S. App. LEXIS 22193, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546).

Additionally, even assuming extraordinary circumstances existed, Petitioner would still be required to attempt to exhaust available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546.

Petitioner asserts that the ineffectiveness of her state court attorney excuses the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion excused when "circumstances exist that render such process ineffective to protect the rights of the applicant.") Nevertheless, a habeas petitioner may not bypass the state courts simply because she thinks the state courts will not entertain her claims. *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Bousley v. U.S.*, 523 U.S. 614, 623 (1998). And here, Petitioner fails to assert facts showing that there is an absence of available state corrective process or that circumstances exist that render such process ineffective. (ECF No. 1, PageID.54-58.)

Accordingly, the habeas action is therefore premature and must be dismissed.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a). Reasonable jurists would not

5

debate the Court's assessment that the petition is subject to summary dismissal, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

IV.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that **PETITIONER'S MOTION TO STAY [ECF No. 3]** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

                                                      s/Denise Page Hood
                                                      Hon. Denise Page Hood
                                                      United States District Judge

Dated: July 3, 2024